# APRIL TERM, 1899.

## WEBSTER v. WHEELER.

1. TAXES—PAYMENT BY CITY TO COUNTY—RECOVERY.
   Where an amount charged against a city for a special relief fund is included in the city collector's settlement with the county treasurer, although no tax for the purpose is spread on the city rolls, the collector may compel its return, independent of the question whether he knew of its inclusion.

2. SAME.
   A county treasurer has no right to receive from a city collector an amount charged against the city for a special fund, when he has knowledge that the city spread no tax for the purpose.

3. SAME—DEFENSES—CREDITING FUND.
   The fact that the amount so received has been credited by the county treasurer to the specified fund is no defense to a proceeding to compel its repayment.

4. MANDAMUS—MONEYS PAID TREASURER—RETURN TO COLLECTOR.
   *Mandamus* is a proper remedy to compel a county treasurer to refund to a city collector an amount included in the settlement between them as the city's portion of a special fund for which no tax was spread on the city rolls.

5. SAME—PARTIES.
   Such a proceeding may properly be instituted by the collector in his individual name.

6. COUNTIES — CLAIM FOR MONEYS PAID TREASURER — PRESENTATION TO SUPERVISORS.
   A claim for moneys wrongfully received by a county treasurer, and retained by him in his official capacity, is not a claim against the county, or against money belonging to the county, in such sense as to require its presentation to the board of supervisors.

7. MANDAMUS—NOTICE OF HEARING—WAIVER.
   Respondent in *mandamus* proceedings waives the objection that he did not receive the four days' notice of hearing pro-

( 601 )

vided for by Circuit Court Rule No. 19 (*b*) by answering and going to hearing after the denial of motion to dismiss.

8. SAME—COURT RULES—APPLICATION.
   Whether *mandamus* proceedings are covered by the above rule,— *quære*.

9. SAME—ISSUE—AFFIDAVITS CONTRADICTING ANSWER.
   The answer in *mandamus* proceedings should not be contradicted by affidavits.

*Certiorari* to Wexford; Aldrich, J. Submitted November 15, 1898. Decided April 4, 1899.

*Mandamus* by Orange Webster to compel Edgar W. Wheeler, county treasurer, to repay certain money wrongfully received. From an order granting the writ, respondent brings *certiorari*. Affirmed.

*Sawyer & Bishop*, for relator.

*C. C. Chittenden* and *E. E. Haskins*, for respondent.

HOOKER, J. Webster, as collector of the city of Cadillac, met with Wheeler, the treasurer of the county of Wexford, to settle the account between the city and county. As the result of such settlement, Webster paid Wheeler the sum of $5,762.69. In this was included the sum of $151, which was charged against the city for the soldiers' relief fund. It is conceded that this tax was not spread on the rolls of said city, and consequently was not collected by Webster. Negotiations for repayment having failed, Webster applied to the circuit court for a writ of *mandamus* to compel Wheeler to repay him the amount. The petition states that the relator was unaware of the fact that this item was included in the account settled, and that the money was therefore paid through mistake. The answer asserts that the same was paid through a mutual understanding that the city owed it to the county, and should pay it from the general fund. The circuit judge directed that the writ issue, and *certiorari* has brought the case to us.

We do not discover that there is a claim that the collector was under obligation to pay the amount in dispute from any other fund than one raised for the purpose, and there was no such fund; and, if he was not under an obligation to pay it, the county treasurer had no authority to exact it.  Nor was the collector at liberty to pay it from the funds belonging to the city.  It is therefore immaterial whether the relator did or did not know that it was included in the settlement.  The county treasurer's answer shows that he knew the circumstances, and he should not have received moneys from the collector which he knew he was not entitled to.  If he has done so, the fact that he has credited it to the relief fund is no impediment to its repayment.  He can balance the credit by a debit charge when he pays it.

The relator's duty is to collect the taxes, and pay them over to the city and county treasurers.  Act No. 429, Local Acts 1895.  He has paid to the treasurer of the county a sum that he should have paid to the city treasurer.  It is now in the custody of the county treasurer, in his official capacity.  He might, perhaps, be compelled to pay it to the city, on the application of the city treasurer; and, as it is the duty of the relator to pay to the city this sum, we think he may require the treasurer of the county to pay it back to him, and proceed by *mandamus* to compel it. The case differs materially from *People* v. *Board of Sup'rs of Kent Co.*, 38 Mich. 424.  The case of *People* v. *Auditor General*, Id. 750, is also distinguishable, as, according to the answer, this sum did go into the county treasurer's hands, as a distinct and independent item, wrongfully received.  This relator is not an intermeddler.  He is the proper custodian of a fund which he has been unjustly deprived of, and which is withheld from him.  It is his duty to get it and pay it to the city treasurer. It was not necessary for him to proceed in the name of the city; neither should he use the name of the treasurer.

Again, it is contended that this is a claim that should go before the supervisors.  This is not a claim against the

county, or against money belonging to the county. The county treasurer has money, received in an official capacity, it is true, but it is money to which he has no right, as against the relator; and we think *mandamus* a proper remedy to compel its restitution.

Counsel assert that the respondent is not properly before the court, for the reason that he did not receive a notice of four days. It is claimed that the proceeding is to be governed by Circuit Court Rule No. 19 (*b*). We need not decide whether *mandamus* proceedings are covered by that rule or not, because, after the motion to dismiss was denied, the respondent answered and went to hearing. If a party is not willing to stand upon his right to notice, he should not be permitted to raise the question after putting his adversary to the expense of a trial upon the merits. The right is a technical one, and justice demands, in all such cases, that it be treated as waived.

The answer in *mandamus* proceedings should not be contradicted by affidavits. If the relator desires to dispute the answer, issues should be settled and tried in an orderly manner. The result in this case is not affected by the affidavits, however, and therefore we do not reverse the case upon the ground of the irregular practice.

The order of the circuit is affirmed.

The other Justices concurred.